KING, JUSTICE, DISSENTING:
 

 ¶ 37. Because defense counsel was allowed to introduce an inaccurate and irrelevant staged photograph of the scene of the incident and because Brown sufficiently objected to the inaccuracies of the photograph, I respectfully dissent from the majority's conclusion that the trial court did not abuse its discretion in allowing the recreated photograph into evidence.
 

 ¶ 38. Brown's complaint alleged that employees of Professional Business Services (PBS) failed to place chairs in their proper positions under the tables and turned off the lights in the grill room, creating a
 dangerous condition that caused Brown to suffer physical harm. Thus, the lighting in the grill room, the visibility of the chair, and the position of the chair were major points of contention in Brown's case. However, several years after the incident occurred, counsel for defense staged the inside of the doorway and took photographs of the chair during daylight hours and from an optimum angle.
 

 ¶ 39. Although the majority finds that Brown failed to object that the lighting in the recreation photograph was inaccurate, I disagree. Counsel for Brown filed a motion in limine to exclude any attempt to publish photographs to the jury of the accident scene that had been taken by defense counsel as an alleged recreation of the accident scene. In the motion, Brown argued that the angles and positioning of the room and the chair were not accurate and that the scene had been photographed deliberately to favor PBS. At the hearing on the matter, Brown argued that the recreation photographs should be excluded because: 1) the pictures were taken by defense counsel; and 2) the photographs were not accurate and did not recreate the accident scene as it existed. Brown pointed out that the scene in the photographs had been staged to obtain an advantage demonstrated by the direction the chair had been turned and how the chair appear from the angle in the hallway. Defense counsel admitted that the chair had been turned the wrong way. Brown's counsel then stated:
 

 It's a picture, so it's significant, you know. There's some cliche about what a picture is worth compared to our ability to explain that it's wrong. To his credit counsel admits that he made a mistake and it's not even positioned correctly, according to what we understand. So now they're contemplating showing a picture to the jury for them to look at, that shows something that's not accurate. And we're not sure why it's relevant anyway. We're not sure why they need it. It's certainly nothing that their experts have hinged any sort of opinion on or anything else. So I'm not certain why it's so crucial to bring it in. But if they contend it is, it at leas[t] has to be an accurate representation.
 

 ¶ 40. During opening statement, Brown's attorney again objected to the photograph, stating: "He's using one picture that vividly is not an accurate representation." The trial court overruled the objection. Defense counsel then was allowed to state to the jury: "I went to Colonial but the club had been closed at that point. And I put a chair right in the doorway. And that's the chair (indicating). Now, I messed up. The chair should - you see how it's facing right? It should be facing the left. And that's on me. But
 
 the only difference is the chair should be rotated 180 degrees and facing left instead of facing right
 
 .... And I submit to you, because anyone as they walk down the hallway, if there's a chair right in the doorway like that, you can see it. You're not going to trip over that chair." After Brown's testimony, Brown's counsel once more renewed the objection to the recreated photograph. Counsel for Brown contended that the chair was incorrectly placed and that the jury had sat through an entire cross-examination "having that image in their brain of a chair in a doorway that they're going to in closing argue the [plaintiff] should have seen, when it's just a fabrication...."
 

 ¶ 41. I believe that Brown's repeated objections regarding the accuracy of the photograph encompassed all issues that were not accurately portrayed, including the lighting in the grill room and during daylight hours. Counsel for Brown repeatedly objected that the photograph inaccurately portrayed the scene at the time
 of the incident. Brown also argued that the photograph was irrelevant and unauthentic. This language was broad enough to encompass the entirety of the inaccuracies of the photograph, including the lighting. Because the photograph was taken in daylight with the lights in the grill room on, because the photograph was taken at an inaccurate angle to show maximum visibility of the chair in the doorway, and because the photograph incorrectly portrayed the position of the chair, I believe the trial court abused its discretion in allowing the photograph to be introduced into evidence.
 

 ¶ 42. This Court, in
 
 Gulf, Mobile & Ohio Railroad Company v. Golden
 
 ,
 
 221 Miss. 253
 
 ,
 
 72 So.2d 446
 
 , 450 (1954), stated that the rule for photographs is that:
 

 "Before a photograph may be admitted into evidence, it must be shown by extrinsic evidence to be a true and faithful representation of the place or subject it purports to represent as it existed at a time pertinent to the inquiry." 32 C.J.S.,
 
 Evidence
 
 , § 715, page 620. The material inquiry is whether or not the photograph is a fair and accurate reproduction and representation of conditions as they existed at the time of the collision involved.
 

 The Court continued that "the mere fact that a photograph was taken at a time different from that in question does not render it inadmissible
 
 if the witness is able to verify it as a substantial representation of the conditions as they existed at the time in question.
 
 "
 

 Id.
 

 (emphasis added).
 

 ¶ 43. In
 
 Givens v. State
 
 ,
 
 618 So.2d 1313
 
 , 1318 (Miss. 1993), this Court again affirmed the trial court's decision to refuse to admit photographs in evidence because the photographs "had great potential for confusing the jury as to the conditions which actually existed on the night in question." The defendant in that case had been arrested at night for tossing a plastic bag of crack cocaine from his pocket to the ground while a police officer had been shining his "stream light" on the defendant.
 

 Id.
 

 at 1315
 
 . The eight-month time lapse between the arrest and the photographs being taken did not concern the Court.
 

 Id.
 

 at 1318
 
 . Instead, the witness testimony showed that the conditions in the photographs were not substantially similar to the conditions on the night of the arrest.
 

 Id.
 

 The photographs taken by the defense failed to show a "stream light" flashlight on the defendant and failed to show the exact location where the defendant had been standing.
 

 Id.
 

 at 1316
 
 . Thus, the Court noted that the photographs had the potential to confuse the jury.
 

 Id.
 

 at 1317
 
 .
 

 ¶ 44. As in
 
 Givens
 
 , the differences in the witness testimony of the incident and the staged photograph had the potential for confusing and prejudicing the jury. Rule 403 of the Mississippi Rules of Evidence states that the trial court may exclude evidence "if its probative value is substantially outweighed by a danger of ... unfair prejudice [or] misleading the jury." Here, the photograph was taken during daylight hours with full overhead lighting in the grill room and was taken from an extreme angle designed to show maximum visibility of the chair in the doorway. Brown testified that he had been walking along the right-hand side of the wall when he turned right and tripped over the chair. However, defense counsel took a photograph of the chair from the opposite side of the wall, making the chair clearly visible in the picture. The defendant also was allowed to publish the inaccurate photograph to the jury in opening argument, without a foundation, and without a sponsoring witness. In addition, defense counsel was allowed to say during opening statement that, "if there is a chair right in the doorway like that, you can see it. You are not going to
 trip over that chair." I would find that any probative value of the introduction of the photograph was substantially outweighed by a danger of unfair prejudice and of misleading the jury.
 

 ¶ 45. Moreover, I believe that the staged photograph was irrelevant and thus inadmissible pursuant to Mississippi Rule of Evidence 402. Rule 402 states that "irrelevant evidence is not admissible." M.R.E. 402. Defense counsel had taken several photographs of the grill room, the hallway leading to the grill room, and the doorway, making the introduction of the staged photograph of the chair into evidence unnecessary. PBS could have argued its case sufficiently by introducing the nonprejudicial photographs of the chair, grill room, and doorway.
 

 ¶ 46. Brown's case rested on the contention that a combination of the misplaced chair, in addition to the darkened room, created a dangerous condition that caused Brown to suffer injuries. Brown repeatedly objected to the recreated photograph, arguing that it "sets a staged scene and is not an accurate depiction of the incident scene." I believe that Brown's objections to the inaccuracy of the photograph sufficiently encompassed the lighting issue for review. Therefore, I would find that the trial court abused its discretion in allowing the introduction of a staged photograph of the chair in the doorway from an advantageous angle, in daylight, and with the lights on in the grill room, would reverse the trial court's decision, and the decision of the Court of Appeals and would remand this case for a new trial.
 

 KITCHENS, P.J., JOINS THIS OPINION.